WILLIAM STIEGLITZ, petitioner-appellant,

*v.*

ELIZABETH STIEGLITZ, defendant-respondent.

[Submitted June term, 1920.   Decided November 15th, 1920.]

On appeal from an order of the court of chancery.

*Mr. Benjamin Weinberg,* for the appellant.

No appearance for the respondent.

PER CURIAM.

This is an appeal from a decree dismissing a petition for divorce, filed by the husband, in the court below, charging his wife with having willfully, continually and obstinately deserted him for more than two years. The petition charges the desertion to have taken place in the month of March, 1915. The petition was filed on April 26th, 1919. The wife filed no answer, nor did she contest her husband's application for the divorce.

The testimony taken before the special master disclosed that the husband and wife remained under the same roof and slept in the same bed together until the 6th day of April, 1919, when she left him and went to her mother's home to live. Thus, it appears that within twenty days after the wife actually left her husband he filed his petition for divorce.

The theory upon which the case was tried and presented, as developed by the testimony taken before the special master, and now urged in the appellant's brief here, is, that though it appears that the conjugal pair lived under the same roof and slept in the same bed together, nevertheless, as both had testified, the wife being an unwilling witness, that she, the wife, had persistently refused the husband to have sexual intercourse with her, that such conduct on her part was a constructive desertion.

The rule is firmly established in this state that a divorce will not be granted upon the uncorroborated admissions or testimony of a party to the suit. *Hague* v. *Hague, 85 N. J. Eq. 537.* And this applied to every element in the proofs necessary to sustain the decree. *Ibid. 541.*

The proof relied on by appellant as corroborative of the non-existence of sexual intercourse between him and his wife consists of his statement and her admissions to that effect and the circumstance that there was some testimony from an independent source, tending to show that the wife had an infatuation for Dr. Kupperman, and that she had repeatedly declared that she did not love her husband and that she actually left him and went to live with her mother, declaring that she would never live with him again.

We do not think that the testimony and circumstances relied on by appellant were convincingly corroborative of the non-existence of sexual intercourse between husband and wife.

From the conceded facts that the husband was in good health and twenty-five years of age and his wife several years his junior, and likewise in good health, slept in the same bed together for nearly a period of four years, both being competent and having the opportunity of having sexual intercourse with each other, an almost indisputable presumption arises that sexual intercourse did take place. In order to overcome such a strong presumption

the proof of non-existence of sexual intercourse must be clear and convincing.

It may be said that in the absence of some physical sign indicating that there was no sexual intercourse, it is a task requiring the accomplishment of something impossible to attain to require the production of corroborative proof of the non-existence of sexual intercourse between husband and wife, both being presumably competent thereto and occupying the same bed together. This may be conceded. But it is a salutary rule, in effect. The design is to preserve the marriage relation and to protect it from being severed by consent of husband and wife— that is, by methods which are so easily open to collusion. The rule requiring corroborative evidence in such cases is not a harsh one. For the husband, in the present case, was at liberty to abandon his wife after *bona fide* and repeated trials to have sexual intercourse with her and her refusal to permit him.

The decree will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, TAYLOR, GARDNER, ACKERSON—13.

*For reversal*—None.