MATILDA BONARDI, petitioner-appellant,

*v.*

CORRADINO BONARDI, defendant-respondent.

[Submitted February 18th, 1933. Decided April 27th, 1933.]

*Messrs. Levenson, Coman & Levenson (Mr. Abe D. Levenson,* of counsel), for the petitioner-appellant.

*Mr. John G. Flanigan,* for the defendant-respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The wife filed a petition for divorce charging extreme cruelty. The husband answered denying cruelty and averring that the wife deserted him on June 1st, 1931. The

advisory master found that extreme cruelty had not been shown, and advised a decree dismissing the bill.

We find no fault with the decree.

The parties are of Italian blood, were married in 1920, and are both comparatively young.

Both of them, particularly the wife, were temperamental and quick tempered. The husband was industrious and frugal. The wife was unreasonably jealous of her husband, without cause, and was much given to nagging. The husband always provided well for his wife. He put his real estate that he had acquired by his own labors in their joint names, and $10,000 of his accumulated cash was deposited in their joint names. In July, 1930, the wife withdrew the $10,000 from the bank, against her husband's protest, and deposited it in her own name; but nevertheless the husband thereafter added $500 to that fund.

The wife specified three acts of cruelty, the first in August, 1930, and the last on May 16th, 1931. They consisted of the use of rough language and hitting or "pushing" her; but the evidence—certainly such corroborating evidence as there was—indicated that such offenses were not of a serious character and moreover were provoked by the unreasonable and aggressive conduct of the wife. Indeed it appears that on one of these occasions she "punched him in the nose," and she admits that upon another occasion she "slapped" him. She left their home on June 1st, 1931, in his absence. She admits that after she left her husband he asked her "in a really honest way" to return to him and that she refused to do so.

The wife says that her husband was intemperate. It does appear that they usually had wine with their meals, but that did not cause their troubles. The evidence strongly indicates that the real cause was the provocative disposition of the wife.

Now the general rule is that to justify a divorce from bed and board on the ground of extreme cruelty of the husband, such conduct by the husband must be shown as will justify the court in believing that if he is allowed to retain his power over his wife, and she is compelled to remain

subject to him, her life or her health will be endangered, or that he will render her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife. *Close* v. *Close, 25 N. J. Eq. 526; English* v. *English, 27 N. J. Eq. 579; Sachse* v. *Sachse, 107 N. J. Eq. 41.* The reason is that courts interfere on the ground of cruelty to prevent future harm, rather than to punish the offender for what has already been done.

No rigid rule can be presented to define the extent of an injury, actual or apprehended, which will justify judicial interference. Every case must depend very largely upon its own peculiar circumstances and the character, health, habits and disposition of the parties. A gentle, fragile, submissive and unoffending woman might be entitled to divorce for causes which would scarcely furnish a woman of another type just cause. A slight abuse of the person, accompanied by opprobrious language, which might imperil the health of a delicate and unoffending wife, might not be extreme cruelty to a vigorous, aggressive and strong-willed wife who herself unreasonably provoked the offense of the husband. *Casey* v. *Casey, 83 N. J. Eq. 603; Close* v. *Close, supra.*

Tested by these rules the decree below was quite justified. The advisory master found, and we think rightly, that the husband's conduct did not indicate cruelty or malignity; that the wife was not compelled to leave him for her safety, nor did the husband intend at any time to force her away from him; that her leaving was not the natural consequence of his acts; that there was no reason to apprehend that if she had remained with him her life or health would have been endangered or that he would have rendered her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife.

The decree below will be affirmed.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.

*For reversal*—None.