Fred Harrison Langille, petitioner-respondent,

*v.*

Evelyn Cowdery Langille, defendant-appellant.

[Submitted May 31st, 1935. Decided October 9th, 1935.]

*Mr. Stephen P. Piga,* for the appellant.

*Messrs. Fraser, Stoffer & Jacobs (Mr. Spaulding Fraser,* of counsel), for the respondent.

The opinion of the court was delivered by

Trenchard, J.

The wife appeals from a decree of divorce in favor of the husband advised by the advisory master upon the ground of willful, continuous and obstinate desertion for the term of two years, and dismissing the wife's counter-claim for divorce.

We find no fault with the decree.

The husband's charge of desertion against the wife is predicated upon a denial of sexual intercourse. The advisory master thought, and we think, that the husband's charge was well founded.

The evidence satisfactorily establishes that on January 17th, 1931, the wife declined to share with her husband the sleeping apartment which they had formerly occupied, and then and thereafter refused sexual intercourse with her husband, and still later left her husband's home.

This was established by the testimony of the husband and by the corroborating testimony of his son and other witnesses, and by the production of letters which passed between the wife and a man named Bollinbach. This clandestine correspondence between the wife and Bollinbach disclosed plainly the reason for the attitude and conduct of the wife. The letters showed that the wife had lost all affection for her husband and had become completely enamoured with Bollinbach (a married man) and he with her, and that they planned divorces to enable them to marry, and that Bollinbach insisted that the wife withdraw completely from her marriage obligations to her husband. The letters and other evidence, which it would serve no useful purpose to detail, showed that the wife's desertion of her husband was willful, continued and obstinate for the term of two years.

Now the unjustified refusal by the wife of sexual intercourse, persisted in willfully, obstinately and continuously for the statutory period of two years, is a ground for divorce for the cause of desertion. *Haviland* v. *Haviland, 114 N. J. Eq. 96; Haskell* v. *Haskell, 99 N. J. Eq. 399.*

We think also that the advisory master was right in concluding that the evidence satisfactory showed that the husband had made proper and sufficient efforts to effect a reconciliation. Where it is manifest from the circumstances under which the desertion took place, and from the disposition and purposes of the wife, that all efforts on the part of the husband to terminate the separation would be unavailing, the duty of making such efforts does not exist. *Hall* v. *Hall, 60 N. J. Eq. 469; Trall* v. *Trall, 32 N. J. Eq. 231.* Here certainly the evidence disclosed that the husband had done all a self-respecting husband was required to do in the circumstances. *Jarvie* v. *Jarvie, 116 N. J. Eq. 46.*

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   14.

*For reversal*—HEHER, J.   1.