BESSIE CRESSEY PFEIFFER, PLAINTIFF–RESPONDENT, v.
FRANK PFEIFFER, DEFENDANT–APPELLANT.

Argued October 18, 1948—Decided November 1, 1948.

*Mr. Louis Auerbacher, Jr.* argued the cause for defendant-appellant.

*Mr. Herbert M. Ellend* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from the former Court of Chancery from a decree granting a divorce to plaintiff-respondent on the grounds of extreme cruelty.

No opinion was filed by the Advisory Master who heard the cause, a practice much to be condemned.

The parties were married on May 1, 1922. Respondent was older than appellant and was possessed of considerable means. From the beginning appellant preferred to endeavor to live on money procured in devious ways from his wife rather than by working. He did little to support her. There was continual dissension between them regarding money matters. It is claimed appellant had a "terrible temper" and that he was always threatening the life of his wife, swearing at her and calling her such names as "rat" and "dumb-bell". All of this culminated in respondent leaving appellant on March 30, 1942.

Failure to support a wife is not a cause for absolute divorce in this state; likewise marital discord and unhappiness arising from constant quarreling do not constitute extreme

cruelty sufficient to entitle a party to a decree of divorce. *Gilson v. Gilson,* 113 *N. J. Eq.* 32 *(E. & A.* 1933).

The petition sets forth but one specific act of cruelty. The testimony reveals no corroboration whatever of this occurrence. The plaintiff related other occasions of so-called cruel treatment which were likewise uncorroborated except in one instance, three months before the separation, when defendant said to her "some day I will kill you."

■ A divorce is never granted on the unsupported testimony of the complaining party. *McShane v. McShane,* 45 *N. J. Eq.* 341 *(E. & A.* 1888); *Hague v. Hague,* 85 *N. J. Eq.* 537 *(E. & A.* 1915). The public policy of this state is to preserve the marital status from dissolution by means of either uncorroborated or collusive testimony. Of course the corroboration need not necessarily be from the mouths of witnesses but may be found in the circumstances of the case, as shown by the expressions and conduct of the defendant, together with the letters of the parties. *Shore v. Shore,* 96 *N. J. Eq.* 661 *(E. & A.* 1924). The defendant here denied the accusation of cruelty and his letters do not sufficiently corroborate respondent's allegations.

■ Plaintiff further fails to meet the tests laid down in *Bonardi v. Bonardi,* 113 *N. J. Eq.* 25 *(E. & A.* 1933) and *Stutz v. Stutz,* 139 *N. J. Eq.* 385 *(E. & A.* 1947) as to what constitutes "extreme cruelty". She alleged her health became impaired and her life made utterly wretched and miserable. Her own testimony demonstrates she never had any real fear for her own safety. Despite her assertions that appellant kept threatening her life and that she was afraid of him she continued to live with him and even took long trips with him. Even after the separation she saw him at her hotel and went to the movies with him on several occasions. Her averment that her health was impaired and her life made miserable is again totally lacking in corroboration. Every element necessary to obtain a decree of divorce must be corroborated. *Hague v. Hague, supra; Howes v. Howes,* 125 *N. J. Eq.* 272 *(E. & A.* 1939); *Stutz v. Stutz, supra.*

The decree is reversed.

58

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance:* None.