EDWARD A. BROWN, PETITIONER-RESPONDENT, v. LILLIE BROWN, ALSO KNOWN AS LILLIAN BROWN, DEFENDANT-APPELLANT.

Argued May 2, 1949—Decided May 16, 1949.

*Mr. Perry E. Belfatto* argued the cause for the appellant.

*Mr. Max I. Mintz (Mr. William J. Egan,* attorney) argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J.   This is an appeal from a decree of the former Court of Chancery granting a divorce to the respondent, Edward A. Brown, and dismissing a counterclaim of the appellant, Lillian Brown.   Both petition and counter-claim were based upon simple desertion.

The parties were married on April 18, 1943, and were separated in July, 1944, the exact date not being definitely established.   No children were born of the marriage.

While there is testimony of discord between the parties almost from the day of the marriage, the culmination of the

difficulties occurred during an argument in the latter part of July, 1944, during which respondent alleges that appellant threatened to poison him and to "knock" him in the head during his sleep. Respondent thereupon left the home and went to live in a room at his place of business. Significantly, he returned to the home several times a week for the purpose of bathing and obtaining a change of clothing. On November 14, 1944, the respondent, with his nephew and another. employee, went to the home but were unable to enter because appellant had changed the locks. After ringing and knocking, the appellant appeared and upon inquiry from respondent as to why the locks had been changed informed him "This is not your house. You don't live here any more." Respondent then entered the house and a scuffle ensued. The story of the incident varies widely in its details as related by the parties but the result was that both parties suffered.

Following the incident of November 14, 1944, the appellant made a criminal charge against respondent for the alleged assault and further charged him with nonsupport in the Essex County Juvenile and Domestic Relations Court. She also filed a bill for separate maintenance in the Court of Chancery. These charges were not prosecuted and all were dismissed.

■ ■ Save for the incident of November 14, 1944, there is no corroboration of respondent's allegations. In this respect what was said by Mr. Justice Oliphant, speaking for this court in *Pfeiffer v. Pfeiffer,* 1 *N. J.* 55, 61 *A.* 2d 736, 767 (*Sup. Ct.* 1948), is applicable to and dispositive of the instant case: "A divorce is never granted on the unsupported testimony of the complaining party. *McShane v. McShane,* 45 *N. J. Eq.* 341, 19 *A.* 465 (*E. & A.* 1888); *Hague v. Hague,* 85 *N. J. Eq.* 537, 96 *A.* 579 (*E. & A.* 1915). The public policy of this state is to preserve the marital status from dissolution by means of either uncorroborated or collusive testimony." We do not find the requisite corroboration in respondent's case and accordingly conclude that it was error to award him a decree.

■ The petition in the instant case charges simple desertion in that appellant is alleged to have willfully, continuedly

and obstinately deserted respondent for more than two years. This he did not prove. He did, however, attempt to show extreme cruelty of appellant as justifying his quitting the family domicile. As the Court of Chancery, during its existence, repeatedly pointed out, the facts establishing a constructive desertion must be pleaded with particularity. *Vide: Succhierelli v. Succhierelli,* 101 *N. J. Eq.* 30 *(Ch.* 1927); *Smithkin v. Smithkin,* 62 *N. J. Eq.* 161 *(Ch.* 1901); *Herr, Marriage, Divorce and Separation in New Jersey* (1938), *Vol.* 1, *p.* 269. The reasons for this rule are succinctly and accurately stated in *Smithkin v. Smithkin, supra:*

*At page* 163: "The case of an ordinary desertion and one such as we are considering radically differ. The proof offered in support of each differ. The proof offered in support of the former would often refute the existence of the latter. This case is an instance, for the petitioner swore that he had asked his wife to return to him, and such a request was in direct opposition to the theory that he, by reason of her extreme cruelty, could not live with her."

Liberal as our new rules are for the promotion of substantial justice, they still require that a defendant be fairly apprised of the claim he is called upon to meet. For example, *Rule* 3:8–1 requires a statement of the facts on which the claim is based. Other examples may be found in *Rule* 3:9 respecting the pleading of special matters, noticeably in *Rule* 3:9–3. While we are mindful of the fact that both under the former practice and under the new rules, liberality exists in the amendment of the pleadings even after judgment to conform to the evidence where issues not raised by the pleadings are tried by consent or without objection by the parties. *Succhierelli v. Succhierelli, supra,* at *pp.* 36, 37, this has never been construed to permit a litigant to plead and try his case upon one theory and then, if unsuccessful, advance another theory upon appeal.

However, the respondent would not have been entitled to a divorce had be based his case below upon the theory of constructive desertion. The isolated physical attack made by the appellant appears to have been made more in self defense by the wife than to have been an unprovoked attack.

The implication arising from respondent's course of conduct is not that of a husband who fears that his life or health will suffer if cohabitation is resumed. *Julian v. Julian,* 127 *N. J. Eq.* 77, 81 (*E. & A.* 1939); *Herr, op. cit., Vol.* 1, § 241, *p.* 285. It is rather that of one who was quick to grasp an opportunity to get out from under an unsatisfactory marriage. No decree should have been granted, either on simple desertion where the proof lacked corroboration, or on constructive desertion where the justification was insufficient assuming the facts to have been properly pleaded.

There was no error in dismissing the appellant's counterclaim which was likewise based on simple desertion. The advisory master designated the counterclaim as an "afterthought" and we think, properly so. The proofs are clear that the absence of respondent from the family home was not against the will of the appellant but that she acquiesced in and encouraged it. A wife who changes the locks on her doors to keep her spouse from entering cannot be heard to complain of his failure to come in. Since there was no obstinacy there was no desertion. *Tucker v. Tucker,* 142 *N. J. Eq.* 687, 689 (*E. & A.* 1948).

The decree of the former Court of Chancery is reversed as to that part thereof awarding a divorce to the respondent and affirmed as to that part dismissing the counterclaim of the appellant.

*For affirmance in part and reversal in part*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.