18 N.J. Super. 433 (1952)
87 A.2d 338
HELEN M. STREADER, PLAINTIFF-RESPONDENT,
v.
ROBERT STREADER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1952.
Decided March 11, 1952.
*434 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Lewis S. Beers argued the cause for appellant (Mr. Clarence W. Beers, attorney).
Mr. Robert B. Meyner argued the cause for respondent (Mr. Robert E. Frederick, attorney).
*435 The opinion of the court was delivered PER CURIAM.
The present appeal is addressed to a judgment nisi entered in this action on May 19, 1951, dissolving, subject to the usual condition, the marriage between the parties on the ground of desertion as alleged in the plaintiff's complaint, awarding the plaintiff alimony in the sum of $50 each week for the support of herself and that of the infant child of the marriage in her custody, together with the allowance of a counsel fee of $600.
Although the trial judge in his memorandum of conclusions stated:
"On the same testimony the cause could have been brought on the ground of extreme cruelty, Zehrer v. Zehrer, 5 N.J. 53 (1950), and any doubts I may have had regarding the testimony to support the charge of desertion could be resolved by an amendment of the pleadings, in accordance with R.S. 2:50-20.
On either ground the plaintiff is entitled to judgment."
we observe that the judgment is granted upon the ground of desertion, and we therefore review it in that character. Cf. Wood v. Wood, 97 N.J. Eq. 1 (Ch. 1925).
We learn from the transcript of the evidence that the parties were married on January 20, 1940. At the time of the marriage the plaintiff was 28 years of age and the defendant was 31. The only child of the marriage was born in January, 1942. The defendant is a travelling representative of Ingersoll-Rand Company whose employment has customarily necessitated his absence from home except during occasional intervals which in the aggregate would equal approximately six weeks a year.
The type of desertion to which the testimony related was the unjustified refusal of sexual intercourse willfully, obstinately, and continually persisted in by the defendant for a period of two years. Vide, Raymond v. Raymond, 79 A. 430 (Ch. 1909); Rector v. Rector, 78 N.J. Eq. 386 (Ch. 1911); Parmly v. Parmly, 90 N.J. Eq. 490 (Ch. 1919); Horwath v. Horwath, 91 N.J. Eq. 435 (Ch. 1920); Rains v. Rains, 127 N.J. Eq. 328 (E. & A. 1940).
*436 The plaintiff testified that the last act of sexual intercourse between them occurred on June 28, 1948, since which time until the termination of their cohabitation on October 8, 1950, the defendant has on all opportunities refused such marital relations in disregard of her requests. The defendant admitted that since the year 1948 he had only had sexual intercourse with her once which, he testified, happened during the Christmas season in 1949. The plaintiff's complaint was filed on November 20, 1950.
Obviously, the determination of the period of the desertion could only be resolved by a consideration of the credibility of the divergent testimony. The experienced trial judge concluded from his "observation of the witnesses and their demeanor while testifying," that the testimony of the plaintiff was in that respect the more trustworthy. Nothing in the record confutes the propriety of that factual finding.
It is, however, the firmly established rule that a divorce will not be granted unless in addition to the plaintiff's testimony the essential elements of the cause of action are sustained by the requisite degree of corroboration. "To corroborate means to strengthen; to make more certain; to add weight or credibility." Orens v. Orens, 88 N.J. Eq. 29, 33 (Ch. 1917). "Corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established." Robinson v. Robinson, 83 N.J. Eq. 150 (Ch. 1914), affirmed 84 N.J. Eq. 201 (E. & A. 1915); Becker v. Becker, 113 N.J. Eq. 286 (Ch. 1933); Pfeiffer v. Pfeiffer, 1 N.J. 55 (1948). Does the "entire picture" revealed by the evidence carry with it "a moral conviction that can be sensed from all the surrounding circumstances?" Vide, Franklin v. Franklin, 140 N.J. Eq. 127, 129 (E. & A. 1947).
In the present case, there is evidence of the habitual absence of the defendant for unusually extended periods of time from his home and wife; of his propensity to bestow his attentions upon his female acquaintances; of his associations with Helena, whose letter in consequence of other testimony *437 we think was admissible in evidence. Cf. Langille v. Langille, 119 N.J. Eq. 12 (E. & A. 1935).
With that background, the evidence disclosed the occasion in July, 1949, where the plaintiff in tears and in a state of apparent distress confided in her close friend Mrs. Dilts, who was also a friend of the defendant, with the hope that Mrs. Dilts might aid in bringing about a resumption of marital relations between her and her husband. Vide, Haskell v. Haskell, 99 N.J. Eq. 399 (E. & A. 1926); Haviland v. Haviland, 114 N.J. Eq. 96, 100 (E. & A. 1933).
Additionally some measure of significance can be ascribed to the deportment of the defendant upon meeting his wife and her parents in September, 1950.
While we recognize that in the circumstances of the present case the proof of the non-existence of sexual intercourse must be clear and convincing (Stieglitz v. Stieglitz, 92 N.J. Eq. 292 (E. & A. 1920)), yet we accord appropriate weight to the findings of the trial judge on questions of fact, and upon our analysis of all of the evidence we do not feel justified in concluding that his ultimate finding was so manifestly unsupported by the evidence as to oblige us in the interest of justice in this case to reverse the judgment under review.
We have considered the propriety of the allowances awarded to the plaintiff for alimony and counsel fees. Having in mind (1) the earning capacity of the defendant; (2) that in the pursuit of his present occupation the major portion of his personal living expenses are defrayed by his employer; (3) that the allowance embraces not only the support of his wife but also that of his infant child; and (4) the income tax consequences, the alimony awarded is not excessive.
We are, however, of the opinion that the amount of the allowance of the counsel fee is somewhat excessive. The counsel fee of $600 is reduced to $350.
Except as herein modified, the judgment is affirmed.