CHARLES M. HILL, JR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 654-81.
United States Tax Court
T.C. Memo 1983-112; 1983 Tax Ct. Memo LEXIS 679; 45 T.C.M. (CCH) 821; T.C.M. (RIA) 83112; February 23, 1983. *679 Held: Petitioner's 1978 filing status was married, filing separately; Held further: petitioner was not entitled to deductions for sales taxes, gasoline taxes, or business transportation expenses in excess of the amounts allowed by respondent; Held further: petitioner is not entitled to a current deduction for the replacement of a furnace or water heater on rental property; Held further: petitioner is not entitled to costs of litigation. Charles M. Hill, Jr., pro se. Ronald P. Campbell, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $914.55 in petitioner's Federal income tax for the calendar year 1978. The issues for our decision are as follows: (1) Whether petitioner's filing status was married, filing separately; (2) Whether petitioner is entitled to a deduction under section 164 [1] for claimed sales and gasoline taxes in excess of the amount allowed by respondent; (3) Whether petitioner is entitled to a deduction under section 162 or 212 for business transportation expenses in excess of the amount allowed by respondent; (4) Whether petitioner is entitled to a current deduction for the replacement of a furnace *680 and water heater on rental property or whether the amount is required to be capitalized under section 263; and (5) Whether petitioner is entitled to costs of litigation. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Charles M. Hill, Jr., was a resident of Yorktown, Virginia, at the time of the filing of the petition in the instant case. Petitioner filed his Federal income tax return for the 1978 calendar year with the Memphis Service Center in Memphis, Tennessee. His claimed filing status was married, filing separately. Petitioner was previously married to Ann Goad Hill. On September 13, 1978, Mrs. Hill filed a Bill of Complaint for a Divorce a mensa et thoro, to be later merged into a Divorce a vinculo matrimonii, in the Circuit Court of York County, Virginia, against her husband, the petitioner. In October 1978, petitioner physically vacated the home he had maintained with his wife in Williamsburg, *681 Virginia, pursuant to an oral order of the Judge of the Circuit Court for the County of York, Virginia. On December 12, 1978, the Judge of the Circuit Court issued a written order granting Mrs. Hill custody of the couple's three children as well as alimony and child support. A Divorce a mensa et thoro was not granted to either petitioner or his former wife prior to or as of January 1, 1979. A Divorce a vinculo matrimonii was granted by decree of the Circuit Court dated January 17, 1980. During 1978, petitioner owned four vehicles: a 1965 Ford Pickup Truck, a 1970 Dodge Sedan, a 1971 Dodge Station Wagon and a 1974 Plymouth Duster. The 1974 Plymouth Duster was purchased on February 25, 1978, for $1,800. In October 1978, upon separating from his wife, petitioner took the 1965 Pickup Truck and the 1970 Dodge Sedan. His wife and son kept the 1971 Dodge Station Wagon and the 1974 Plymouth Duster. The 1971 Dodge Station Wagon was sold sometime between October and December 1978. Petitioner, his wife, and his son operated these four vehicles during 1978. Petitioner owned five rental properties during the taxable year 1978. Petitioner expended $1,017.59 to have a new water heater *682 and oil furnace installed at his rental property located at 17475 Warwick Boulevard, Newport News, Virginia. The original water heater was 2 years old and the original furnace was 4 years old at the time of replacement. Petitioner was reimbursed $700 of this amount by the Allstate Insurance Company on December 1, 1978. During 1978, petitioner made visits to his rental properties for inspection and repair purposes but kept no contemporaneous records of the mileage actually driven in making these visits. In the notice of deficiency dated November 19, 1980, respondent disallowed a portion of petitioner's claimed gasoline tax deduction for the personal use of his automobiles for lack of substantiation. Respondent also corrected petitioner's adjusted gross income figure by disallowing as itemized deductions on Schedule A of Form 1040 amounts paid for stamps, telephone, real estate tax, and interest attributable to petitioner's rental property and instead allowed these deductions in the computation of rental income. Because these adjustments resulted in a decrease in adjusted gross income, respondent accordingly recomputed petitioner's sales tax deduction according to the optional *683 sales tax tables. [2] Finally, respondent made certain adjustments to depreciation schedules relating to petitioner's rental property. OPINION Filing Status
The first issue for our determination is whether petitioner is required to file his 1978 Federal income tax return as a married person filing a separate return or whether he is entitled to file as an unmarried individual. [3] Section 1(c) imposes at the rate specified therein a tax on every individual (other than a surviving spouse or head of household) who is not a married individual as defined in section 143. Section 143(a)(1) provides that the determination of whether an individual is married is to be made at the close of his taxable year. Section 143(a)(2) provides that "[a]n individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Section 1.143-1(a), Income Tax Regs. further states that "an individual shall be considered as married even though living apart from his spouse unless legally separated under *684 a decree of divorce or separate maintenance." See Donigan v. Commissioner,68 T.C. 632, 634 (1977). Whether a taxpayer is legally separated under the provisions of section 143(a)(2) so as to be entitled to file his return as an unmarried individual under section 1(c) depends upon the law of the State of the parties' marital domicile. Boyer v. Commissioner,79 T.C. 143, 147 (1982); Dunn v. Commissioner,70 T.C. 361, 366 (1978), affd. without published opinion 601 F.2d 599 (3d Cir. 1979); Capodanno v. Commissioner,69 T.C. 638 (1978), affd. 602 F.2d 64 (3d Cir. 1979). In Virginia, petitioner's domicile state, a legal separation is referred to as a divorce a mensa et thoro (from bed and board). Va. Code Ann. sec. 20-95 (1975) The effect of such a decree is perpetual separation without the right to remarry. Va. Code Ann. sec. 20-116 (1975) A divorce a mensa et thoro may be later merged into *685 a divorce a vinculo matrimonii, or final divorce. Va. Code Ann. sec. 20-121 (1980 Supp.) The facts relating to petitioner's divorce proceedings are not in dispute. Mrs. Hill filed for divorce on September 13, 1978. In October 1978, pursuant to an oral order of the Judge of the Circuit Court of York County, Virginia, petitioner physically vacated the home he had maintained with his wife. On December 12, 1978, a written order was issued granting Mrs. Hill alimony and child support. The parties stipulated that a Divorce a mensa et thoro was not granted prior to or as of January 1, 1979. Petitioner claims, however, that because he was ordered to vacate the residence that he maintained with his wife in October of 1978, he was "legally" separated as of the close of the taxable year within the meaning of section 143(a)(2). Petitioner summarizes his argument as follows: "since the Petitioner was certainly not illegally separated, he therfor [sic] must * * * have been legally separated at the end of tax year 1978." We do not agree. In Dunn v. Commissioner,supra at 369, a case involving the interpretation of Wisconsin divorce statutes, we stated in response to a similar argument: While *686 it may be that some individuals would not understand the difference between being "separated" from their spouse and being "legally separated" from their spouse, the law itself is clear that in order to be considered an unmarried individual, a taxpayer must be "legally separated" from his spouse "under a decree of divorce or of separate maintenance." The mere intervention by a court during the pendency of a divorce proceeding ordering a party to vacate the marital home or to provide alimony and child support is not equivalent to a "legal separation" within the meaning of section 143(a)(2). It is clear from the stipulated facts in this case that the Virginia Circuit Court issued only temporary orders concerning the occupancy of the marital residence, alimony and child support in 1978. Thus, petitioner was not legally separated as of the close of the 1978 taxable year and, accordingly, is not entitled to file as an unmarried individual under section 1(c). [4]
Sales Tax Deduction
Section 164(a)(4) provides for the deduction *687 of State and local general sales taxes. The law is clear that all taxpayers have a duty to maintain records to substantiate the deductions claimed on their returns. Section 1.6001-1(a) and (e), Income Tax Regs.However, because of the obvious difficulty of proving the total amount of sales tax paid on the innumerable items purchased over the course of a year, respondent has prepared and included in the instructions for preparation of tax returns the "Optional Sales Tax Tables." As a matter of administrative convenience, taxpayers are allowed to deduct the applicable table amount (without the necessity of substantiating evidence), plus any sales tax paid on certain specified large items. In lieu of using the sales tax tables a taxpayer may deduct a larger amount of sales tax if records are kept which substantiate the entire amount claimed. [5]
Deductions are a matter of legislative grace and a taxpayer is entitled only to those deductions specifically allowed *688 by statute, New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Additionally, the taxpayer bears the burden of overcoming the presumption of correctness which attaches to the determination of the Commissioner in the notice of deficiency, Welch v. Helvering,290 U.S. 111 (1930), Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent allowed petitioner a State sales tax deduction of $259 based on the Optional Sales Tax Tables. Petitioner contends that he spent $10,080 on items subject to Virginia's 4-percent sales tax and that, accordingly, he is entitled to claim $403 as a sales tax deduction. [6] *689 Petitioner introduced copies of checks written in 1978 totaling $4,240.03 which he asserts were for the payment of items subject to Virginia State sales tax. There is no indication on the checks (many of which list "cash" as the payee) what amounts, if any, were paid for State sales tax. However, even if we were to accept this evidence as proof that these purchases were subject to sales tax the amount so substantiated would be less than the amount allowed by respondent. [7] Petitioner's bare assertion that it is reasonable that he paid $403 in State sales tax in 1978 is less than persuasive. Respondent's determination is sustained. [8]
Gasoline Tax Deduction
Section 164(a)(5) as in effect for 1978 allowed a deduction for State and local gasoline taxes actually paid during the taxable year. Petitioner claimed a deduction of $255 on his 1978 return and respondent disallowed all but $63 for failure of substantiation. [9] *690 In support of his claimed mileage figures, petitioner introduced four schedules which purport to show the total miles driven in his four automobiles during 1978. These schedules contain odometer reading figures for January 1 and December 31 as well as a listing of various services performed on the vehicles during the year. In addition, a summary of these records is provided which allocates 34,055 of the 58,867 miles alleged to have been driven in 1978 as nonbusiness miles and the remaining 24,812 miles as business mileage in support of his rental properties. Normally, such records would be satisfactory evidence of the total miles driven in a year. Here, however, despite petitioner's testimony to the contrary, we are not convinced that these records were contemporaneously made. There are several inconsistencies between the mileage schedules and the stipulations of the parties. First, the schedules purport to show total miles driven in 1978 of 58,867; 34,055 nonbusiness and 24,812 business miles. On his 1978 return, however, petitioner *691 claimed only 12,065 miles as a rental expense deduction. If petitioner had, in fact, prepared these records in 1978 they would have been available in preparing his 1978 return. Second, the parties stipulated that the 1971 Dodge Station Wagon was sold sometime between October and December 1978. Petitioner's schedule, however, lists an odometer reading for December 31, 1978. Third, it was also stipulated that when petitioner and his wife separated in October of 1978, his wife and son kept the 1971 Dodge Station Wagon and the 1974 Plymouth Duster. While there is no evidence that petitioner purchased gasoline for these vehicles after separation from his wife, he claims a deduction for miles allegedly driven after such time. Again, respondent's determination is accorded a presumption of correctness and petitioner bears the burden of proving it incorrect. Welch v. Helvering,supra,Rule 142(a), supra. Taking into account the nature of petitioner's evidence and our assessment of the credibility of the testimony given, we are unable to conclude that petitioner has met his burden of proof on this issue. Wood v. Commissioner,338 F.2d 602, 605 (9th Cir. 1964); United States v. Hemphill, *692 an unreported case ( N.D. Cal. 1978, 41 AFTR2d 78-1357, 78-1 USTC par. 9429). Respondent's determination is sustained. Business Transportation Expenses
On his 1978 return petitioner claimed and respondent allowed a deduction for transportation expenses incurred in connection with his rental property based on total miles driven of 12,065. In his petition with this Court, Mr. Hill claimed that an increased deduction for transportation expenses be allowed for an additioinal 12,747 miles driven for a total of 24,812 miles. Petitioner's evidence in support of this increased deduction consisted of a "log" which petitioner testified that he maintained during the year to record trips made in support of his rental property. This log consists of dates and references to particular rental properties. Petitioner also produced a summary which purports to translate these cryptic notations into the amounts of business mileage traveled each day. We are unable to conclude that this log is a contemporaneous record of petitioner's business mileage. As respondent aptly points out, if such records were indeed kept during the taxable year they would have been available to petitioner in filing his return *693 for 1978. We think it more likely that this log was belatedly concocted after audit began in order to support a larger deduction. Respondent's determination is sustained. Furnace and Water Heater Expenditures
Petitioner installed a new water heater and furnace in one of his rental properties during 1978 at a total cost of $1,017.59 and was reimbursed $700 of this amount by Allstate Insurance Company.Petitioner claims he is entitled to a current deduction of $317.59 whereas respondent argues that the amount is a capital expenditure which must be deducted ratably over the useful lives of the items. An item is a capital expenditure which may not be deducted in full currently if it has a useful life substantially beyond the taxable year. Section 1.263(a)-2(a), Income Tax Regs. Petitioner does not contend that the useful lives of the new furnace and hot water heater are less than determined by respondent. Respondent's determination is sustained. Costs of Litigation
Petitioner's brief contains constant protestations of unfair treatment at the hands of respondent and requests that the Court award him the sum of $500 as reimbursement for costs incurred in pursuing the instant action. *694 We have no statutory authority to grant costs or attorney fees in this case. McQuiston v. Commissioner,78 T.C. 807 (1982). [10] Further, even if the awarding of such costs were within our discretion, we would not find this case an appropriate one for such an award. Decision will be entered for the Respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. These adjustments to adjusted gross income also resulted in an increased medical expense deduction which was allowed in the notice of deficiency.↩
3. Petitioner filed his 1978 return using the married, filing separately filing status and respondent, in the notice of deficiency recomputed petitioner's taxes again using the same rates. The issue as to whether petitioiner is entitled to use the lower single rates was first raised in the petition.↩
4. We note that on these facts petitioner also does not meet the requirements for filing as a head of household under section 1(b). See sections 2(b)(1) and 143(b).↩
5. Feistman v. Commissioner,T.C. Memo. 1982-306, on appeal (9th Cir., Dec. 27, 1982). See also Meyen v. Commissioner,T.C. Memo. 1982-536; Worden v. Commissioner,T.C. Memo. 1981-366; Edmister v. Commissioner,T.C. Memo. 1977-208↩.
6. Petitioner apparently means that he spent a total of $10,483 on items subject to Virginia 4-percent sales tax ($10,080 + (4%) $403.20 = $10,483.20). 7. The sales tax on purchases of $4,076.95 would be $163.08 ($4,076.95 + (4%) $163.08 = $4,240.03). Petitioner states in his brief that it was stipulated that the cancelled checks were used to purchase items subject to sales tax. We note, however, that it was stipulated only that the 33 checks were written on the joint account of petitioner and his former wife in 1978.↩
8. We also note that sales tax paid for items in connection with petitioner's rental activities was deducted as a rental expense on his 1978 return. Clearly a double deduction of these amounts is not allowable.↩
9. Virginia's gas tax in 1978 was 9 cents per gallon. According to the 1978 State Gas Tax Table published by respondent, petitioner claimed a deduction based on approximately 34,000 nonbusiness miles driven whereas respondent allowed a deduction for only 8,000 - 9,000 miles.
10. Section 7430 added by the Tax Equity and Fiscal Responsibility Act of 1982 (P.L. 97-248) contains new rules for the awarding of court costs and attorney fees to the prevailing party in civil tax litigation in the federal courts, including the Tax Court. However, these rules apply only to cases commenced after February 28, 1983 and will cease to apply to any proceeding commenced after December 31, 1985.↩