ESTATE OF VINCENT D. GOODWIN, DECEASED, DONNA B. GOODWIN and MALINDA G. JENNINGS, PERSONAL REPRESENTATIVES, and DONNA B. GOODWIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Goodwin v. Commissioner
Docket No. 11975-87.
United States Tax Court
T.C. Memo 1988-178; 1988 Tax Ct. Memo LEXIS 206; 55 T.C.M. (CCH) 702; T.C.M. (RIA) 88178; April 28, 1988. William J. Critchlow, III, for the petitioners. Thomas N. Thompson, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in Vincent D. Goodwin and Donna B. Goodwin's joint Federal income tax liabilities and additions to tax as follows: Additions to Tax, I.R.C. Sections [1]
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
1982
$ 24,994
$ 1,250
*
$ 2,260
1983
6,625
331 **
1,656
*207 A settlement has been reached as to the amount of the tax deficiencies to be assessed for 1982 and 1983. The only issue remaining for decision is petitioners' liability for each of the additions to tax. FINDINGS OF FACT The decedent, Vincent D. Goodwin, died on May 9, 1986, at the age of 42. The cause of death was cirrhosis of the liver caused by acute and chronic alcoholism. Petitioners resided in Utah at the time the petition in this case was filed. In February of 1982, the decedent acquired ownership of the assets of a small used-car business in Ogden, utah. For approximately $ 4,000, he acquired 12 old cars, ranging from a 1963 Chevrolet Pickup to a 1974 Fort Ltd Wagon. As part of the acquisition of the business, decedent agreed to make monthly lease payments of $ 500 to the owner of the property on which the cars were located and (because decedent did not have his own used-car dealer's license) to pay $ 200 a month to a used-car dealer to operate under the latter's business license. At the time the business was acquired and for many years prior thereto, decedent suffered from chronic alcoholism. Throughout the years 1982, 1983, and 1984, decedent would show up at *208 the used-car lot only for an hour or two each afternoon. Generally, he would have started drinking before arriving at the lot. He would continue drinking while there (from vodka bottles kept at the office). Decedent then would return to his house where he would pass out each night. Gerald Jennings, decedent's son-in-law, managed the used-car business for decedent during 1982, 1983, and 1984. In 1986, the used-car business was sold by decedent's estate to decedent's two sons. Decedent and his wife, Donna B. Goodwin, timely filed joint Federal income tax returns for 1982 and 1983. On the 1982 tax return, no income from the used-car business was reported. On the 1983 tax return, a Schedule C reflecting income and loss from the used-car business was attached, but the income with respect to the business was understated due to an error in computing the 1982 year-end inventory for the business. OPINION Section 6653(a)(1) provides for a five-percent negligence addition to tax where an underpayment of tax is attributable to the negligence of the taxpayer or to the taxpayer's intentional disregard of respondent's rules and regulations that apply to the preparation and filing of *209 Federal income tax returns. In addition, section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest due with respect to the portion of the underpayment of tax which is attributable to the taxpayer's negligence or to the taxpayer's intentional disregard of the rules and regulations that apply to the filing of Federal income tax returns. The issue, thus, with respect to the above two additions to tax is whether decedent and his wife were negligent in filing their 1982 and 1983 joint Federal income tax returns, which returns did not report the correct the correct income from the used-car business. With regard to the additions to tax determined by respomndent under section 6661(a), that section (as amended by the Omnibus Budget Reconcilation Act of 1986, Pub. L. 99-509, 100 Stat. 1874) [2] provides generally that if there is "a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement." Section 6661(c) provides that respondent has the discretion to waive this addition to tax if the taxpayer establishes that there was reasonable *210 cause for the understatement and that the taxpayer acted in good faith. The most important factor in determining reasonable cause and good faith is "the extent of the taxpayer's effort to assess [his] proper tax liability under the law." Sec. 1.6661-6(b), Income Tax Regs. The issue with respect to the section 6661(a) addition to tax is whether respondent abused his discretion in not waiving this addition to tax under the facts of this case. Petitioners have the burden of proof as to each of these additions to tax. Capodanno v. Commissioner,69 T.C. 638 (1978), affd. 602 F.2d 64 (3d Cir. 1979); Courtney v. Commissioner,28 T.C. 658 (1957); Rule 142(a). With regard to the section 6653(a)(1) and (a)(2) additions to tax for 1982, petitioners have not established that decedent and Donna Goodwin's failure to report the income from the used-car business on their 1982 tax return was not due to negligence. No evidence was submitted as to why petitioner, Donna Goodwin, did not realize that the business income was not reflected on the return. On the record *211 before us in this case, we cannot conclude that decedent, because of his alcoholism, was always out-of-touch with reality. See Craddock v. Commissioner,T.C. Memo. 1968-104. He had enough sense to have his son-in-law manage the used car business. The section 6653(a)(1) and (a)(2) additions to tax for 1982 are sustained. With regard to the additions to tax under section 6653(a)(1) and (a)(2) for 1983, the analysis is more complicated. The income from the used-car business was included on the 1983 tax return. Apparently, the major error causing the approximate $ 6,600 understatement in tax on the 1983 tax return was the use of a beginning inventory for 1983 which respondent argues was improper only because decedent's 1982 return had not included a year-end inventory for the business. That failure to include a year-end inventory for 1982 caused the error in the beginning inventory as reported on the 1983 return. Inventory adjustments are complex, particularly when they relate to prior years' treatment or computation of inventory items. In light of the technical nature of the error made on decedent and his wife's 1983 tax return, to which the understatement of *212 tax is primarily attributable, combined with decedent's alcoholism, we find that decedent and his wife were not negligent in the filing of their 1983 Federal income tax return. See Yelencsics v. Commissioner,74 T.C. 1513, 1533 (1980); P.R. Farms, Inc. v. Commissioner,T.C. Memo. 1984-589; Fox v. Commissioner,T.C. Memo. 1958-205. The section 6653(a)(1) and (a)(2) additions to tax for 1983 are not sustained. Concerning the section 6661(a) additions to tax, petitioners offered no evidence with regard to the extent of the efforts of decedent and his wife to compute their proper Federal income tax liability for 1982 and 1983. In our opinion, respondent did not abuse his discretion under section 6661(c) in not waiving these additions to tax. The section 6661(a) additions to tax are sustained for each year. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of interest due on $ 24,994. ** 50 percent of interest due on $ 6,625.↩
2. See Pallottni v. Commissioner,↩ 90 T.C.    (filed March 30, 1988).