**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/31/96**

**TENTH CIRCUIT**

---

PAUL R. KITCH, PATRICIA KITCH,               )
                                             )
    Petitioners-Appellants,              )
                                             )
    v.                                   )        No. 95-9015
                                             )
COMMISSIONER OF INTERNAL REVENUE,            )
                                             )
    Respondent-Appellee.                 )


THOMAS D. KITCH and SALLY L. KITCH,          )
                                             )
    Petitioners-Appellants,              )
                                             )
    v.                                   )        No. 95-9016
                                             )
COMMISSIONER OF INTERNAL REVENUE,            )
                                             )
    Respondent-Appellee.                 )


JAMES C. KITCH and CHRISTINE B. KITCH,       )
                                             )
    Petitioners-Appellants,              )
                                             )
    v.                                   )        No. 95-9017
                                             )
COMMISSIONER OF INTERNAL REVENUE,            )
                                             )
    Respondent-Appellee.                 )

EDMUND W. KITCH and ALISON KITCH,    )
    )
        Petitioners-Appellants,    )
    )
    v.    )    No. 95-9018
    )
COMMISSIONER OF INTERNAL REVENUE,    )
    )
        Respondent-Appellee.    )


DAVID P. KITCH and MARY P. KITCH,    )
    )
        Petitioners-Appellants,    )
    )
    v.    )    No. 95-9019
    )
COMMISSIONER OF INTERNAL REVENUE,    )
    )
        Respondent-Appellee.    )

---

**Appeals from the United States Tax Court
(T.C. Nos. 24119-92, 24120-92, 25938-92, 25939-92 and 5475-93)**

---

John R. Gerdes (Timothy P. O'Sullivan and Lyndon W. Vix, also of Fleeson, Gooing, Coulson & Kitch, Wichita, Kansas, with him on the briefs) for Petitioners-Appellants.

Tamara L. Schottenstein, Attorney (Richard Farber, Attorney, with her on the brief), Tax Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

---

Before **SEYMOUR**, Chief Judge, **LOGAN** and **LUCERO**, Circuit Judges.

---

**LOGAN**, Circuit Judge.

Paul and Josephine Kitch were divorced in 1973, with Paul obligated to pay Josephine alimony until one of them died or she remarried. Both died in October 1987, Josephine eleven days before Paul. Josephine's estate filed a claim against Paul's estate for $480,000 in unpaid alimony that had accrued over a period of several years. The claim ultimately was compromised by an agreement that Josephine's estate would receive all the assets in Paul's probate estate after payment of taxes and expenses. Her estate received $362,326 in 1989.

On their 1989 income tax returns both decedents' estates treated Josephine's estate as a beneficiary of Paul's estate. That year Paul's estate had distributable net income (DNI) of only $8,767, which Josephine's estate reported as income with Paul's estate taking a corresponding deduction. In addition Paul's estate had a $1,334 capital loss carryover which the parties allocated to Josephine's estate. Because Josephine's estate was distributed that year the DNI, diminished by the capital loss carryover from Paul's estate, passed through to Josephine's beneficiaries, her five sons who are petitioners here.[1] They each included their pro rata share of the DNI in their 1989 tax returns filed jointly with their wives.

The Commissioner of Internal Revenue filed deficiency assessments against petitioners, contending that the entire $362,326 distributed in 1989 from Paul's estate was

_____

[1] Although we refer to the five children of Paul and Josephine Kitch as "petitioners" throughout this opinion, their spouses who filed joint income tax returns are also joined as petitioners in this case.

3

taxable alimony income to Josephine's estate, and hence taxable to petitioners under the conduit DNI rules. At the same time the Commissioner denied the deduction for the capital loss carryover on the ground that Josephine's estate was not a beneficiary of Paul's estate, which had the effect of increasing the DNI in Josephine's estate's return that passed through to petitioners. Petitioners contested the deficiencies in the Tax Court, and the case was submitted on stipulated facts. The Tax Court's opinion agreeing with the Commissioner's position prompted these appeals. See Kitch v. Commissioner, 104 T.C. 1 (1995).

We must decide, under statutory provisions that are not models of clarity, whether the compromised claim for unpaid alimony is entirely taxable income to Josephine's estate and whether Josephine's estate was a beneficiary of Paul's estate entitled to the tax benefits of the capital loss carryover.

Absent the complications of Internal Revenue Code (I.R.C.) § 682 we clearly would have to affirm. I.R.C. § 71(a) states that "[g]ross income includes amounts received as alimony or separate maintenance payments." Ordinary alimony payments made by a decedent's estate are included in the payee's income. Dixon v. Commissioner, 44 T.C. 709, 717 (1965); Twinam v. Commissioner, 22 T.C. 83, 88 (1954). Lump sum payments of arrearages in alimony retain their original character. E.g., Olster v. Commissioner, 751 F.2d 1168, 1171-72 (11th Cir. 1985); Capodanno v. Commissioner, 602 F.2d 64, 69 (3d Cir. 1979). Payments, including compromised amounts for arrearages, are

4

taxable to the payee in the year received. Treas. Reg. § 1.71-1(b)(5) (1957); Holahan v. Commissioner, 222 F.2d 82, 83 (2d Cir. 1955); Reighley v. Commissioner, 17 T.C. 344, 355-56 (1951). If the payee ex-spouse dies and income to which the decedent is entitled is collected thereafter, it is taxable to the estate or distributees of the estate under income in respect of a decedent rules. See I.R.C. § 691. Although the payor ex-spouse, or estate of a deceased ex-spouse, is entitled to a tax deduction for the amounts paid during the tax year, see I.R.C. § 215(a), taxability to the payee is not dependent upon the payor's earnings or ability to benefit by the deduction. See Monfore v. Commissioner, 55 TCM (CCH) 787 (1988).

Petitioners argue, however, that I.R.C. § 682 applies to require a different conclusion. Section 71(g) cross-references § 682 in the following language: "For taxable status of income of an estate or trust in case of divorce, etc., see section 682." Section 682(a) provides for the inclusion in the gross income of a divorced wife "the amount of the income of any trust which such wife is entitled to receive and which, except for this section, would be includible in the gross income of her husband, and such amount shall not, despite any other provision of this subtitle, be includible in the gross income of such husband." This subsection was in effect at the time Paul and Josephine Kitch were divorced and has not been changed since. The other subsection of § 682 was changed in 1984. Before its amendment it read as follows:

> **(b)  Wife considered a beneficiary.**--For purposes of computing the taxable income of the estate or trust and the taxable income of a wife to

5

whom subsection (a) or section 71 applies, such wife shall be considered as the beneficiary specified in this part. A periodic payment under section 71 to any portion of which this part applies shall be included in the gross income of the beneficiary in the taxable year in which under this part such portion is required to be included.

Effective after 1984 it reads:

**(b) Wife considered a beneficiary**.--For purposes of computing the taxable income of the estate or trust and the taxable income of a wife to whom subsection (a) applies, such wife shall be considered as the beneficiary specified in this part.

There were other changes made at the same time discussed below.

Before the 1984 amendments the Internal Revenue Service (IRS) took the position that § 682 was intended to apply only to trusts for which the grantor trust rules of I.R.C. §§ 671-78 otherwise would require the income to be taxed to the ex-husband. Thus, the effect of the section was to exclude the trust's income from the ex-husband's return and include it in the ex-wife's, who received it. The IRS also took the position that § 682 applied only to trusts created before and not in contemplation of divorce, and that the section in no way eliminated the taxation to the payee of any alimony payments paid by the ex-spouse or from principal of the trust in a given year. See Treas. Reg. § 1.682(a)-1 (1957); id. § 1.71-1(c). The few litigated cases agreed with this approach except when the Commissioner attempted to tax distributions from the trust representing tax exempt income. See Ellis v. United States, 416 F.2d 894 (6th Cir. 1969); Stewart v. Commissioner, 9 T.C. 195 (1947).

6

The pre-1984 version of § 682 is applicable to a "divorce or separation instrument" executed before 1985 unless it is "modified on or after such date [and] the modification expressly provides that the [1984] amendments . . . apply to such modification." Deficit Reduction Act, § 422(e)(2), Pub. L. No. 98-369, 98 Stat. 494, 798. The Commissioner contends, and the Tax Court agreed, that the pre-1984 version of § 682 applies in the instant case because there was no modification before the parties died, because the unpaid alimony represented only a judgment collectable like any other by the ex-wife creditor, and because Kansas courts were not empowered to change the amount of past due alimony. See Kitch, 104 T.C. at 6. Even if the current version applies the Commissioner argues § 682(b) is merely a timing provision, treating the ex-wife as a beneficiary for the limited purpose of determining when the distribution is included in her income. Petitioners, on the other hand, argue that the current version of § 682 applies, that the executors of the two estates modified the alimony obligation with the express intent that § 682 apply, and that the current version makes Josephine a beneficiary of Paul's estate taxable on distributions only to the extent of Paul's estate's DNI.

We have problems with both parties' arguments. Despite the unqualified language of § 71 that any cash payment received under a divorce agreement is income to the payee, the 1984 amendments to I.R.C. §§ 71, 215 and 682 and the addition of § 1041 together can be read, as petitioners contend, to apply ordinary trust income tax rules to alimony

7

trusts established or modified to satisfy alimony obligations.[2]  After the 1984 amendments

§ 71 and § 682 on their face appear contradictory, and in context we cannot agree with the

Commissioner that § 682(b) is merely a timing provision.

Further, the 1984 amendments have the purpose of creating national uniformity in

the tax treatment of alimony.  Changes in the definition of alimony in § 71 and the

addition of § 1041 carry out the congressional purpose of avoiding different tax conse-

quences because of differences in state laws.  See H.R. Rep. No. 98-432, at 1491-92,

1495, reprinted in 1984 U.S.C.C.A.N. 697, 1134-35, 1137.  The Commissioner's and the

Tax Court's reliance on state law to deny the right of Paul's and Josephine's estates to

---

[2]  The Deficit Reduction Act of 1984 eliminated from § 71 all references to
payments received by a spouse "attributable to property transferred, in trust or otherwise."
See I.R.C. § 71(a)(2) (before 1984 amendment).  It eliminated § 71(d) which had
excluded from the husband's income amounts included in the income of the wife.  The
Act amended I.R.C. § 215 to eliminate references to § 71(d) and added a subsection
215(d) to coordinate with § 682, prohibiting a deduction if "by reason of section 682
(relating to income of alimony trusts), the amount thereof is not includible in such
individual's gross income."  Section 682(b) was amended to eliminate references to § 71.
Section 1041 was also added to provide expressly that no gain or loss is recognized when
property is transferred from an individual to a trust for the benefit of a spouse incident to
a divorce.  Indeed, the House Committee Report states:

> Where . . . a beneficial interest in a trust is transferred or created, incident to
> divorce or separation, the transferee will be entitled to the . . . usual
> treatment as a beneficiary of a trust (by reason of sec. 682), notwithstanding
> that the . . . payments by the trust qualify as alimony or otherwise discharge
> a support obligation.

H. R. Rep. No. 98-432, pt. II, at 1492 (1984), reprinted in 1984 U.S.C.C.A.N. 697, 1135
(footnote omitted).

modify the alimony obligation is contrary to this approach. In addition, the tax cases involving settlements of arrearages in alimony payments do not appear to have required court approval, see Olster, 751 F.2d 1168; Holahan, 222 F.2d 82; Grant v. Commissioner, 209 F.2d 430 (2d Cir. 1953), and at least one case involved a settlement entered after the death of the payor ex-spouse, Fairbanks v. Commissioner, 191 F.2d 680 (9th Cir. 1951), cert. denied, 343 U.S. 915 (1952). We need not resolve these problems of interpretation, however, because we cannot accept petitioners' argument for application of § 682 in a situation like that before us.

We are not dealing here with a trust, but with a decedent's estate. Section 682 mentions estates in its title, "Income of an Estate or Trust in Case of Divorce, Etc." But subsection (a), the substantive provision of § 682, is limited to trusts.[3] Although subsec-

---

[3] Internal Revenue Code § 682, in its entirety, provides as follows:

**SEC. 682. Income of an estate or trust in case of divorce, etc.**

    **(a) Inclusion in gross income of wife.**--There shall be included in the gross income of a wife who is divorced or legally separated under a decree of divorce or of separate maintenance (or who is separated from her husband under a written separation agreement) the amount of the income of any trust which such wife is entitled to receive and which, except for this section, would be includible in the gross income of her husband, and such amount shall not, despite any other provision of this subtitle, be includible in the gross income of such husband. This subsection shall not apply to that part of any such income of the trust which the terms of the decree, written separation agreement, or trust instrument fix, in terms of an amount of money or a portion of such income, as a sum which is payable for the support of minor children of such husband. In case such income is less than

(continued...)

9

tion (b) mentions estates as well as trusts the reference to what is included in the taxable income of the wife is only to "a wife to whom subsection (a) applies." There is no mention of estates in the pre-1984 regulations, or in the temporary (question and answer) regulations issued since. The only case involving a decedent's estate to discuss what is now § 682 allowed the estate a straightforward deduction for alimony payments it made to an ex-wife. Laughlin's Estate v. Commissioner, 167 F.2d 828 (9th Cir. 1948).

We have no doubt that § 682 applies to the extent it permits a decedent's estate to claim a deduction on its tax return for alimony payments made to a spouse, even for arrearages. But a decedent's estate is not a tax entity whose income but for § 682 would be taxable under the grantor trust rules of I.R.C. §§ 671-78. Neither is a decedent's estate in any way akin to an alimony trust set up to satisfy alimony obligations incident to a divorce. When Josephine died her estate had a claim for unpaid alimony against her ex-

---

[3](...continued)
the amount specified in the decree, agreement, or instrument, for the purpose of applying the preceding sentence, such income, to the extent of such sum payable for such support, shall be considered a payment for such support.

**(b) Wife considered a beneficiary.**--For purposes of computing the taxable income of the estate or trust and the taxable income of a wife to whom subsection (a) applies, such wife shall be considered as the beneficiary specified in this part.

**(c) Cross reference**.--

**For definitions of "husband" and "wife," as used in this section, see section 7701(a)(17).**

husband. At that point, had Josephine's estate collected, it would have been income taxable under the income in respect of a decedent rules. Assuming § 682 after 1984 was intended to apply ordinary trust conduit rules to alimony trusts, it is neither within the letter nor the spirit of § 682 to permit a post-death agreement to convert Paul's pre-existing alimony obligation into an "alimony estate." The alimony arrearages collected by Josephine's estate are reportable as income on the estate's return and taxable to her beneficiaries under the pass-through DNI rules.

The parties apparently agreed that the resolution of the capital loss carryover issue turns on whether § 682 applies to the alimony issue, see Kitch, 104 T.C. at 8. For this purpose Josephine--not a beneficiary under Paul's will nor one of his heirs--was a creditor of Paul's estate, not entitled to the capital loss carryover.

It may seem unjust that the government collects twice, in a sense, in the situation before us: Paul did not get the § 215 deduction on his income tax returns because he did not pay the alimony he owed, and his estate did not have enough income to use the deduction to which it was entitled when it paid the alimony arrearages. But after the divorce the ex-spouses were separate tax entities. There never was a guarantee that a payor ex-spouse--or here the ex-spouse's estate--would benefit by the tax deduction permitted under § 215.

AFFIRMED.

11