121 T.C. No. 14


UNITED STATES TAX COURT


JIMMY D. WEAVER AND MARLENE M. MORLOC WEAVER,
Petitioners v. COMMISSIONER OF INTERNAL
REVENUE, Respondent


Docket No. 8262-01.                    Filed October 8, 2003.


     P owned 80-percent interests in an S corporation
(CL) and a C corporation (J).  CL is an accrual method,
calendar year taxpayer.  J is a cash method, fiscal
year taxpayer with a July 31 yearend.  On each of its
1996 and 1997 Federal income tax returns, CL deducted
an amount owed to J for services which J rendered to CL
during the corresponding year.  J included in its gross
income for its taxable years ended in 1997 and 1998 the
amounts deducted by CL for 1996 and 1997, respectively.
CL had not as of Mar. 15, 1997 and 1998, paid to J any
of those amounts which J included in its gross income.
     Held:  CL fails the economic performance
requirement of sec. 461(h), I.R.C., as to its
deductions.  That requirement, in conjunction with sec.
404(d), I.R.C., and the temporary regulations
thereunder, mandates that CL deduct each amount for its
taxable year the last day of which is within 2-1/2
months of the day on which the amount is includable in

J's gross income.  The amount deducted by CL for 1996 was not includable in J's gross income as of Mar. 15, 1997 (i.e., 2-1/2 months after the end of CL's 1996 taxable year), and the amount deducted by CL for 1997 was not includable in J's gross income as of Mar. 15, 1998 (i.e., 2-1/2 months after the end of CL's 1997 taxable year).

William H. Gaggos, for petitioners.

John W. Stevens, for respondent.


OPINION


LARO, Judge:  This case is before the Court for decision on the basis of stipulated facts.  See Rule 122.  Petitioners petitioned the Court to redetermine deficiencies of $11,284 and $12,913 in their 1996 and 1997 Federal income tax, respectively.

Following concessions, we are left to decide whether sections 404(d) and 461(h) require that Clarkston Window & Door, Inc. (Clarkston), an accrual method S corporation, defer its deductions of fees owed to J.D. Weaver & Associates, Inc. (J.D.), a cash method C corporation, for services provided by J.D. to Clarkston.  Clarkston reports its operations on the basis of the calendar year, and J.D. reports its operations on the basis of a fiscal year ending July 31.  Clarkston deducted each fee in its taxable year that closed 7 months before the end of the taxable year in which J.D. included the fee in its income.  Clarkston had

not paid the respective fees to J.D. as of March 15 of the year following the year in which it claimed the corresponding deduction.

We hold that sections 404(d) and 461(h) preclude Clarkston from deducting the fees for the years claimed. Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure. We refer to petitioner Jimmy D. Weaver as Weaver.

## Background

All facts were stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners resided in Davisburg, Michigan, when they filed their petition with the Court. They filed with the Commissioner 1996 and 1997 Federal income tax returns using the filing status of "Married filing joint return".

During 1996 and 1997, Weaver owned 80-percent interests in Clarkston and J.D. Clarkston is an S corporation whose business is selling construction materials at wholesale. Clarkston uses an accrual method and the calendar year to report its operations for Federal income tax purposes. J.D. is a C corporation whose business is installing windows. J.D. reports its operations for Federal income tax purposes using the cash method and on the basis of a fiscal year ending July 31. (We refer to J.D.'s

taxable years ended July 31, 1997 and 1998, as J.D.'s 1997 and 1998 taxable years, respectively.)

On its 1996 tax return, Clarkston deducted a professional (management) fee of $30,000 for services rendered to it during that year by J.D. J.D. included the $30,000 in its taxable income for its 1997 taxable year. On its 1997 tax return, Clarkston deducted a professional (management) fee of $63,350 for services rendered to it during that year by J.D. J.D. included the $63,350 in its taxable income for its 1998 taxable year.

Petitioners reported on their 1996 and 1997 Federal income tax returns deductions for the fees and other expenses passed through to them from Clarkston. As relevant herein, respondent determined that Clarkston could not deduct the $30,000 as an expense for 1996 or $60,000 of the $63,350 as an expense for 1997. Respondent determined that Clarkston could deduct the $30,000 for 1997.

As of July 31, 1998, Clarkston had not paid to J.D. any of the $90,000 in fees ($60,000 + $30,000). Clarkston issued to J.D. an intercompany note reflecting this amount. Subsequently, J.D. merged into Clarkston pursuant to section 368, and filed a final tax return as a C corporation for the period ended April 30, 2000. The $90,000 intercompany note was during the final return year of J.D. eliminated by book entry as a result of the merger.

## Discussion

Respondent's determinations in the notice of deficiency are presumed correct, and petitioners must prove those determinations wrong in order to prevail. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The submission of this case to the Court under Rule 122 does not change or otherwise lessen petitioners' burden of proof. Rule 122(b); Kitch v. Commissioner, 104 T.C. 1, 5 (1995), affd. 103 F.3d 104 (10th Cir. 1996). Whereas in certain cases section 7491(a) shifts the burden of proof to the Commissioner, we conclude that this is not one of those cases. Petitioners have neither alleged that section 7491 is applicable to this case nor established that they have complied with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, to maintain required records, and to cooperate fully with reasonable requests of the Commissioner. See sec. 7491(a)(2). Petitioners' burden of proof in this case is affected by the fact that we carefully scrutinize transactions between related parties, Maxwell v. Commissioner, 95 T.C. 107, 116 (1990); C.M. Gooch Lumber Sales Co. v. Commissioner, 49 T.C. 649, 656 (1968), remanded pursuant to stipulation of the parties 406 F.2d 290 (6th Cir. 1969), and that the service agreement between Clarkston and J.D. was such a transaction.

The parties agree that Clarkston may deduct the fees upon its satisfaction of the all events test under section 461(h).[1] The parties disagree as to whether Clarkston satisfied this test. According to respondent, Clarkston fails this test in that it does not meet the timing rule of section 404(d). Respondent asserts that this rule must be met because the fees were for services rendered, and the arrangement of Clarkston and J.D. as to the payment for those services deferred the receipt of compensation. Petitioners argue that the all events test has been met. Petitioners in their brief rely solely on the first two prongs of the all events test, discussed <u>infra</u>, and make no reference to either section 404 or the economic performance requirement of section 461(h).

Deductions under an accrual method of accounting are generally allowable for the taxable year in which the all events test has been met. This test is met when all events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability. Sec. 461(h); sec. 1.461-1(a)(2)(i), Income Tax Regs. Where a

---

[1] Petitioners alleged in their petition that respondent had disallowed the disputed amounts "on grounds including IRC Sections 267, 404 and 461", and respondent in answer admitted this allegation. Respondent in brief has abandoned his reliance upon sec. 267 to support his determination and relies solely upon secs. 404(d) and 461.

liability arises out of a taxpayer's receipt of services performed by another person, economic performance generally occurs as the services are performed.  Sec. 461(h)(2)(A)(i).

Respondent argues that section 1.461-1(a)(2)(iii)(D), Income Tax Regs., mandates that Clarkston also meet the timing rule of section 404(d) in order to satisfy the requirement of economic performance.  We agree.  As stated in subdivision (iii)(D):[2]

(iii) Alternative timing rules

*     *     *     *     *     *     *

(D) Except as otherwise provided in any Internal Revenue regulation, revenue procedure, or revenue ruling, the economic performance requirement of section 461(h) and the regulations thereunder is satisfied to the extent that any amount is otherwise deductible under section 404 (employer contributions to a plan of deferred compensation) * * *.

As stated in the relevant parts of section 404:

SEC. 404. DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.

(a) General Rule.—If contributions are paid by an employer to or under a stock bonus, pension,

---

[2] We also believe that sec. 1.461-1(a)(2)(iii)(A), Income Tax Regs., is relevant to our discussion.  As stated therein:

(A) If any provision of the Code requires a liability to be taken into account in a taxable year later than the taxable year provided in paragraph (a)(2)(i) of this section, the liability is taken into account as prescribed in that Code provision.  See, for example, section 267 (transactions between related parties) and section 464 (farming syndicates).

profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under this chapter; but, if they would otherwise be deductible, they shall be deductible under this section * * *

* * * * * * *

(b) Method of Contributions, Etc., Having the Effect of a Plan; Certain Deferred Benefits.—

(1) Method of contributions, etc., having the effect of a plan.—If—

(A) there is no plan, but

(B) there is a method or arrangement of employer contributions or compensation which has the effect of a stock bonus, pension, profit-sharing, or annuity plan, or other plan deferring the receipt of compensation * * *,

subsection (a) shall apply as if there were such a plan.

* * * * * * *

(d) Deductibility of Payments of Deferred Compensation, Etc., to Independent Contractors.—If a plan would be described in so much of subsection (a) as precedes paragraph (1) thereof (as modified by subsection (b)) but for the fact that there is no employer-employee relationship, the contributions or compensation—

(1) shall not be deductible by the payor thereof under this chapter, but

(2) shall (if they would be deductible under this chapter but for paragraph (1)) be deductible under this subsection for the taxable year in which an amount attributable to the contribution or compensation is

> includible in the gross income of the persons participating in the plan.

The facts at hand establish as to Clarkston's service agreement with J.D. a method or arrangement that "has the effect of a * * * plan deferring the receipt of compensation" by a nonemployee so as to subject Clarkston's deduction of the fees for J.D.'s services to the timing rule of section 404(d). Sec. 404(a), (b)(1)(B), (d). Section 404(d) sweeps broadly to apply to all compensation plans, methods, or arrangements (collectively, arrangements), however denominated, which in substance defer the receipt of compensation by a service provider. Sec. 1.404(b)-1T, Q&A-1, Temporary Income Tax Regs., 51 Fed. Reg. 4321 (Feb. 4, 1986); sec. 1.404(d)-1T, Temporary Income Tax Regs., 51 Fed. Reg. 4322 (Feb. 4, 1986); see also Avon Prods., Inc. v. United States, 97 F.3d 1435 (Fed. Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 145-154 (1992).[3] An arrangement defers the receipt of compensation if

---

[3] We also note that the legislative history of sec. 404(a), (b), and (d) supports our construction of that section. That history is generally discussed in detail in Avon Prods., Inc. v. United States, 97 F.3d 1435, 1439-1442 (Fed. Cir. 1996), and Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 145-154 (1992). We stress that the House Committee on Ways and Means, in describing a 1984 amendment to sec. 404(b), stated that:

> Generally, all compensation arrangements which defer receipt of compensation by the employee or independent contractor will be subject to these special deduction-timing rules. For example, under the bill, a
> (continued...)

the service provider does not receive compensation for its services within a "brief period of time" after the end of the payor's taxable year in which the services are performed.  Sec. 1.404(b)-1T, Q&A-2(a), Temporary Income Tax Regs., supra.  An arrangement is presumed to defer the receipt of compensation for more than a brief period of time when compensation is received by the service provider more than 2-1/2 months after the end of the payor's taxable year in which the services are performed.  Id. Q&A-2(b)(1).  This presumption may be rebutted only upon a showing by a preponderance of the evidence that:  (1) It was "impracticable, either administratively or economically," to avoid the deferral of the service provider's receipt of the compensation beyond the 2-1/2-month period, and (2) as of the end of the payor's taxable year, this impracticability was unforeseeable.  Id. Q&A-2(b)(2).

---

[3] (...continued)
limited partnership that uses the accrual method of accounting may not accrue deductions for compensation owed to cash-method taxpayers, who perform services for the partnership, until the partnership taxable year in which such compensation is paid.  * * *  [H. Rept. 98-432 (Part II), at 1283 (1984).]

The conference committee also reiterated the view that sec. 404 applies broadly to deferred compensation payments, stating that a deferred compensation arrangement under sec. 404(b) "includes all compensation, fee, and similar payments, however denominated, except those which are specifically exempted."  H. Conf. Rept. 98-861, at 1160 (1984), 1984-3 C.B. (Vol. 2) 1, 414.

Pursuant to a method or arrangement between Clarkston, the service recipient/payor, and J.D., the service provider, the former did not pay the latter for its services within 2-1/2 months after the close of the respective calendar years in which the services were performed.[4] Nor have petitioners made the requisite showing to rebut the presumption that Clarkston's arrangement with J.D. as to its services did not defer the receipt of compensation within the meaning of section 404(a). We sustain respondent's determination that the fees are not deductible in the years claimed by petitioners. See generally Rev. Rul. 88-68, 1988-2 C.B. 117. In so doing, we emphasize that this holding rests on our finding that Clarkson and J.D., whose transactions with each other are subject to particular scrutiny because the two entities are related, had a method or arrangement between them which in substance deferred the receipt of compensation by a service provider.

To reflect concessions,

Decision will be entered

under Rule 155.

---

[4] Petitioners appropriately make no claim that the fees were paid under sec. 404 through the issuance of the intercompany note. See Don E. Williams Co. v. Commissioner, 429 U.S. 569, 581-582 (1977) (provision of a note does not constitute payment for purposes of sec. 404(a)).