T.C. Memo. 2004-126

UNITED STATES TAX COURT

JACK CARSON COLEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10258-02.                    Filed May 25, 2004.

Jack Carson Coleman, pro se.

<u>Robert A. Varra</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax in the amount of $398 for the
taxable year 1999.  The issues presented for our consideration

are:[1] (1) Whether payments received by petitioner are income in respect of a decedent and therefore includable in his gross income under section 691(a);[2] and (2) whether petitioner's 1998 State income tax refund received during the taxable year 1999 is includable in his 1999 gross income.

## FINDINGS OF FACT

Petitioner Jack Carson Coleman resided in Colorado Springs, Colorado, at the time his petition was filed. Petitioner's father (decedent) died intestate on January 3, 1993. Before his death, decedent sold Grossmont Animal Hospital to another veterinarian. As part of the sales transaction, decedent signed a 10-year agreement not to compete (agreement) in consideration of 120 monthly payments of $1,000.

As of the date of decedent's death, the unexpired portion of the agreement consisted of 108 monthly payments and was included in decedent's estate. For estate tax purposes the remaining payments were assigned a value of $81,000, which reflected 75 percent of their face value (108,000 x 75%). On February 10, 1998, decedent's estate was closed and petitioner received, inter

---

[1] On the basis of petitioner's failure to file a responding brief, respondent moved for dismissal of this case for lack of prosecution. Petitioner filed an objection to the motion and requested a decision based on the hearing testimony and respondent's brief. We deny respondent's motion and will decide this case on its merits.

[2] All section references are to the Internal Revenue Code in effect for the year at issue.

alia, a one-third interest in the unexpired portion of the agreement. During 1999, petitioner received payments totaling $3,666 from Grossmont Animal Hospital in accordance with the agreement. Petitioner did not report these payments on his 1999 Federal income tax return.

On his 1998 Federal income tax return petitioner claimed an itemized deduction for State and local taxes in the amount of $789. During 1999 petitioner received a refund of State and local taxes in the amount of $355. He did not report the $355 refund as income on his 1999 Federal income tax return.

## OPINION

This controversy concerns whether payments received by petitioner in connection with the agreement are income in respect of a decedent (IRD) and therefore includable in his gross income. A second issue concerns whether petitioner's State income tax refund for his 1998 tax year is includable in petitioner's 1999 gross income.

## I. Income in Respect of a Decedent

As of the date of decedent's death, 75 percent of the value of the unexpired portion of the agreement not to compete was included in decedent's estate. On the basis of petitioner's testimony, we interpret his arguments to be as follows: (1) As of the date of decedent's death, the basis in the unexpired portion of the agreement was "stepped up" to 75 percent of its

value; and (2) 25 percent of the payments petitioner received in 1999 is includable in his 1999 gross income. Conversely, respondent asserts that pursuant to section 691(a), the payments received by petitioner constitute IRD and are includable in their entirety in petitioner's 1999 gross income. Sec. 691(a).

We first address whether the payments received by petitioner constitute IRD. A main principle underlying our system of income taxation is that an item of gross income becomes taxable when a taxpayer includes it in gross income under his or her method of accounting. Sec. 451. This principle should still apply in situations where an individual has a legal right to an item of gross income, but dies before reporting it. Kitch v. Commissioner, 104 T.C. 1, 10 (1995), affd. 103 F.3d 104 (10th Cir. 1996) (citing Rollert Residuary Trust v. Commissioner, 80 T.C. 619, 636-637, 642-643 (1983), affd. 752 F.2d 1128 (6th Cir. 1985)). "Section 691 promotes this principle by taxing property received after an individual's death if the property would have been includable in gross income had the individual lived." Kitch v. Commissioner, supra at 10.

Section 691 provides that a taxpayer's gross income includes IRD. See also sec. 61(a)(14). IRD consists of amounts: "(1) Of gross income, (2) which the decedent was entitled to receive at the time of death, (3) but were not properly includable in the decedent's gross income under the decedent's method of accounting

before death, and (4) which were received by the taxpayer as the decedent's successor in interest." Kitch v. Commissioner, supra at 10; see sec. 691(a); sec. 1.691(a)-1(b), Income Tax Regs. IRD must be included in the gross income of a person "who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right." Sec. 691(a)(1)(C); see sec. 1.691(a)-2(a)(3), Income Tax Regs.

We conclude that the payments received by petitioner in accordance with the agreement constitute IRD under section 691(a). First, payments received in accordance with an agreement not to compete are includable in gross income. See Kinney v. Commissioner, 58 T.C. 1038, 1041-1042 (1972); Rev. Rul. 69-643, 1969-2 C.B. 10. Second, the agreement vested decedent with a legally enforceable right to receive monthly payments over a 10-year period. Third, the value of the unexpired portion of the agreement was not included in decedent's gross income before his death. Lastly, decedent's estate distributed, and petitioner became a successor in interest to, one-third of the unexpired portion of the agreement. Accordingly, we hold that the payments received by petitioner constitute IRD and are includable in petitioner's gross income for his 1999 tax year.

The character of an item of IRD to the successor is the same character as the item would have had in the decedent's hands "if

the decedent had lived and received such amount." Sec. 691(a)(3); Kitch v. Commissioner, supra at 10. Payments received pursuant to an agreement not to compete are ordinary income in the year of receipt. See Kinney v. Commissioner, supra at 1041-1042; Rev. Rul. 69-643, 1969-2 C.B. 10. Accordingly, we hold that the character of the payments received by petitioner was that of ordinary income.

We next address whether petitioner received a step-up in basis of 75 percent of the value of the payments. Section 1014(a) generally provides that the basis in property acquired from a decedent shall be "stepped up" to the fair market value of the property at the date of the decedent's death. However, section 1014(c) specifically excludes the application of section 1014(a) to property representing IRD under section 691. Because the payments received by petitioner constitute IRD, we accordingly hold that petitioner did not receive a stepped-up basis of 75 percent of the value of the payments.[3] See Rollert Residuary Trust v. Commissioner, supra at 647-648.

II. State Income Tax

Petitioner deducted State income tax of $789 on his 1998 Federal income tax return. During 1999, petitioner received a

---

[3] Decedent's estate did not pay estate tax with respect to the inclusion of 75 percent of the payments in decedent's gross estate. Therefore, petitioner is not eligible for a deduction for estate tax paid under sec. 691(c).

State income tax refund of $355, which he did not report as income on his 1999 Federal income tax return. In controversy is whether petitioner's refund of $355 is includable in his 1999 gross income. The "tax benefit rule" dictates that refunds of State and local taxes are includable in gross income in the year received to the extent they reduced the taxpayer's income tax liability for the prior year. See Francisco v. Commissioner, 119 T.C. 317, 334 (2002); Kadunc v. Commissioner, T.C. Memo. 1997-92. Petitioner received an itemized deduction of $789 with respect to his State income tax, which reduced his 1998 Federal income tax liability. Therefore, pursuant to the "tax benefit rule" petitioner must include his $355 refund of 1998 State income tax in his 1999 gross income, and we so hold.

In summary, we hold that the payments received by petitioner constitute income in respect of a decedent. Further, because petitioner did not receive a step-up in basis with respect to the payments, the full amounts of the payments are includable in petitioner's 1999 gross income and are ordinary in character. Lastly, we hold that petitioner's 1999 State income tax refund is includable in his 1999 gross income. To the extent not herein discussed, we have considered all other arguments made by the parties and conclude that they are moot or without merit.

Decision will be entered

for respondent.