T.C. Summary Opinion 2013-82

UNITED STATES TAX COURT

LARRY HALL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5196-11S.                          Filed October 28, 2013.

Larry Hall, pro se.

Emile Louis Hebert, III and Ardney J. Boland, III, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2008 Federal income tax of $3,050.  After concessions by respondent,[2] the issues remaining for decision are:

(1) Whether petitioner is entitled to a dependency exemption deduction in respect of minor child N.H. for 2008.  We hold that he is not;

(2) whether petitioner is entitled to the child tax credit in respect of N.H. for 2008.  We hold that he is not.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner is entitled to a dependency exemption deduction for D.H. and that petitioner is entitled to head of household filing status. Respondent also concedes that petitioner is entitled to the child tax credit for one qualifying child, D.H.  For privacy reasons, the Court refers to minor children by their initials.  See Rule 27(a)(3).

Background

All of the facts have been deemed stipulated, and they are so found. We incorporate by reference the stipulated facts and related exhibits. Petitioner resided in Louisiana at the time the petition was filed.

Petitioner married Garline Melton Hall in 1973. The couple had two children, K.H.[3] and N.H. N.H. was born in 1993.[4] The couple divorced in 2006. No custody order was issued for N.H.; however, petitioner was subject to a support proceeding order (child support document), which provided that petitioner would pay $534 in child support each month for K.H. and N.H.

D.H. is petitioner's biological child with his significant other, and D.H. was born in 1998. D.H. lived with petitioner during 2008.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for the 2008 tax year. On it petitioner checked the box for head of household

---

[3] Petitioner did not claim either a dependency exemption deduction or a child tax credit in respect of K.H. on his 2008 tax return, and he has made no such claim in the instant case. Therefore, no further discussion is required for this child.

[4] The record is unclear whether N.H. was born in 1992 or 1993, but we accept the parties' stipulation that N.H. was born in 1993. Whether N.H. was born in 1992 or 1993 does not affect the outcome of this case.

filing status and claimed dependency exemption deductions for two children, D.H. and N.H.  Petitioner also claimed child tax credits for D.H. and N.H.

In 2008 petitioner paid child support for N.H. as required by the child support document.  N.H. did not earn any money during 2008.  N.H. did not live with petitioner during 2008.  Instead, N.H. lived with various other individuals not otherwise identified in the record and was also incarcerated for part of 2008.

Respondent issued a notice of deficiency determining a deficiency in income tax of $3,050 for 2008.  Respondent disallowed, inter alia, petitioner's dependency exemption deduction for N.H. as well as the child tax credit for N.H.

Petitioner timely filed a petition for redetermination of the deficiency and asserted that he was entitled to dependency exemption deductions and child tax credits with respect to D.H. and N.H. for 2008, as well as head of household filing status.[5]

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.

---

[5] As noted above respondent concedes that petitioner is entitled to a dependency exemption deduction and a child tax credit in respect of D.H. for 2008, as well as head of household filing status.  See supra note 2.

Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability and satisfies certain other requirements. Petitioner did not allege that section 7491 applies, nor did he introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.[6]

II. <u>Dependency Exemption Deduction</u>

In general a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c).

A. <u>Special Rules for Children of Divorced Taxpayers</u>

In the case of divorced parents, special rules determine which parent may claim a dependency exemption deduction for a child. <u>See</u> sec. 152(e); <u>Espinoza v.</u>

---

[6] The fact that this case was fully stipulated does not alter the burden of proof. <u>See</u> Rule 122(b); <u>Kitch v. Commissioner</u>, 104 T.C. 1, 5 (1995), <u>aff'd</u>, 103 F.3d 104 (10th Cir. 1996).

Commissioner, T.C. Memo. 2011-108; cf. sec. 152(c)(4). If section 152(e) applies, then under prescribed conditions the noncustodial parent is entitled to claim the child as a dependent.

For section 152(e) to apply, the child must (1) be in the custody of one or both of the child's parents for more than one-half of the calendar year and (2) receive more than one-half of his or her support from parents who are divorced, separated, or live apart at all times during the last six months of the calendar year. Sec. 152(e)(1).

The record establishes that N.H. did not live with petitioner during 2008. Therefore, to satisfy the custody requirement of section 152(e)(1)(B), N.H. would have had to live with his mother, Ms. Hall, for more than one-half of 2008. The record does not establish that N.H. lived with Ms. Hall for more than one-half of 2008 but establishes only that N.H. lived with various other individuals for 2008 (and was also incarcerated for part of that year), without identifying the individuals with whom N.H. lived or the duration of those living arrangements. Therefore, the custody requirement of section 152(e)(1)(B) has not been satisfied.

The second requirement for section 152(e) to apply is that the child must receive over one-half of his or her support from one or both of the child's parents. Sec. 152(e)(1)(A). Although the record establishes that petitioner paid $534 per

month during 2008 consistent with the terms of the child support document, petitioner has not established how this amount may have been allocated between K.H. and N.H., nor the total amount of support N.H. received during 2008. Because the total support N.H. received during 2008 has not been established, the Court cannot conclude that petitioner (or petitioner and Ms. Hall together) provided over one-half of N.H.'s support for 2008. Therefore, the support requirement of section 152(e)(1)(A) has not been satisfied.

Because the two basic conditions for section 152(e) to apply have not been satisfied, section 152(e) does not serve to determine whether petitioner may claim N.H. as a dependent for purposes of the dependency exemption deduction.

The Court must now decide whether petitioner might claim N.H. as a dependent under some other provision of section 152, namely, as either a qualifying child under section 152(c) or as a qualifying relative under section 152(d).

B. Qualifying Child

Generally, to be considered a "qualifying child" for purposes of the dependency exemption deduction, the individual must: (1) bear a specified relationship to the taxpayer; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age

requirements; and (4) not have provided over one-half of such individual's support for the taxable year at issue.  Sec. 152(c)(1).

The record establishes that N.H. is petitioner's child, that N.H. was under the age of 19 in 2008, and that N.H. did not earn any income during 2008. However, the record also establishes that N.H. did not live with petitioner during 2008.  Therefore, because petitioner and N.H. did not share the same principal place of abode for more than one-half of 2008, petitioner is unable to claim N.H. as a qualifying child for purposes of the dependency exemption deduction.  See sec. 152(c)(1).

C.  Qualifying Relative

An individual who meets the four requirements in section 152(d)(1)(A)-(D) with respect to the taxpayer is a qualifying relative.  The two pertinent requirements here are that (1) the taxpayer must provide over one-half of the individual's support for the taxable year, and (2) the individual must not be a qualifying child of the taxpayer or any other taxpayer for the taxable year.  Sec. 152(d)(1)(C) and (D).

The record establishes that petitioner provided $534 per month for the support of N.H. and K.H.; however, as discussed above, petitioner has not

produced evidence that what he provided was over one-half of N.H.'s support for the year. Therefore, the requirement of section 152(d)(1)(C) is not satisfied.

Additionally, petitioner has not produced evidence that N.H. was not the qualifying child of Ms. Hall or any other taxpayer for 2008. Athough the record establishes that N.H. lived with various other individuals during 2008 (and was incarcerated for part of that year), the record does not provide any information regarding the identities of the individuals with whom N.H. lived or the duration of each living arrangement. Because petitioner has not established that N.H. was not the qualifying child of Ms. Hall or any other taxpayer for 2008, the requirement of section 152(d)(1)(D) is not satisfied.

Special rules apply if no one person contributed over half of an individual's support. Sec. 152(d)(3). When that is the case, a taxpayer contributing over 10% percent of such support may claim the individual as a qualifying relative when, inter alia, other taxpayers who also contributed more than 10% of the individual's support sign a written declaration that they will not claim the individual as a dependent. Sec. 152(d)(3)(A)-(D).

Petitioner has not introduced any evidence to establish that no other taxpayer contributed over one-half of N.H.'s support or that the other requirements

of section 152(d)(3), such as the requisite written declaration, have been satisfied. Therefore, this section does not apply.

In sum petitioner has not satisfied the requirements to claim N.H. as his qualifying relative pursuant to section 152(d). Accordingly, N.H. is not petitioner's qualifying relative for 2008 for purposes of the dependency exemption deduction.

III. Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to "each qualifying child", as defined in section 152(c), who has not attained age 17.

Petitioner claimed N.H. as a qualifying child on his tax return for purposes of the child tax credit. However, as we have previously concluded, N.H. was not a qualifying child for 2008 as defined by section 152(c). As a result petitioner is not entitled to a child tax credit for 2008 with respect to N.H. See sec. 24(c)(1).

## Conclusion

Petitioner points out that the child support document granted him the right to claim K.H. and N.H. as dependents. The issue in the instant case is not to what petitioner may have been entitled under the child support document but rather to what he is entitled under section 152, which is solely a matter of Federal tax law.

See <u>Armstrong v. Commissioner</u>, 139 T.C. 468, 474 (2012) (citing <u>Miller v. Commissioner</u>, 114 T.C. 184, 196 (2000), <u>aff'd on other grounds sub nom. Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002)).

Finally, we have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not support results contrary to those reached herein.

To give effect to our disposition of the disputed issues, as well as respondent's concessions,

<u>Decision will be entered under Rule 155</u>.