T.C. Memo. 2019-28

UNITED STATES TAX COURT

JILL SCHERMER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12182-17.                        Filed April 4, 2019.

Joyce Anne Rebhun, for petitioner.

Daniel V. Triplett, Jr., for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge: Respondent determined a deficiency in petitioner's

2014 Federal income tax of $49,829, an addition to tax pursuant to section

6651(a)(1) of $12,457, and a penalty pursuant to section 6662(a) of $9,966.

Unless otherwise indicated, all section references are to the Internal Revenue Code

in effect for the year in issue, and all Rule references are to the Tax Court Rules of

[*2] Practice and Procedure. All monetary amounts are rounded to the nearest dollar. After a stipulation of settled issues and a first supplemental stipulation of settled issues, the remaining issue for our consideration is whether petitioner is entitled to a miscellaneous deduction for Federal estate tax of $156,789 for 2014 attributable to her father-in-law.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Nevada when she timely filed her petition.

Petitioner was married to Robert Schermer (R. Schermer) until his death on August 2, 2002. A Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, for R. Schermer was filed on September 15, 2003. R. Schermer's father, Albert Schermer (A. Schermer), had died on January 17, 1999. A Form 706 for A. Schermer had been filed on October 12, 1999.

In 2014 petitioner received the following distributions: a $174,832 annuity from National Financial Services, LLC; $44,705 from an individual retirement account (IRA) from UBS Financial Services, Inc. (UBS); and $50,000 from an IRA from First Clearing, LLC (First Clearing). Petitioner reported these amounts on her 2014 Form 1040, U.S. Individual Income Tax Return. Petitioner's Forms

[*3] 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for UBS and First Clearing list her as R. Schermer's beneficiary.

On her 2014 Schedule A, Itemized Deductions, petitioner claimed a miscellaneous deduction for Federal estate tax of $156,789. On February 27, 2017, respondent issued to petitioner a notice of deficiency disallowing the deduction.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioner has not claimed or shown that she has met the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). "[A] taxpayer seeking a deduction must be able to point to an applicable statute and

[*4] show that [s]he comes within its terms." <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. at 440. Petitioner contends that she is entitled to a miscellaneous deduction for Federal estate tax attributable to A. Schermer for distributions she received from inherited IRAs and an annuity.

Section 691(a) provides that income in respect of a decedent (IRD) is includible in gross income. <u>See also</u> sec. 61(a)(14). IRD consists of amounts of gross income which the decedent was entitled to receive at the time of death but were not properly includible in the decedent's gross income before death and which were received by the taxpayer as the decedent's successor in interest. Sec. 691(a); sec. 1.691(a)-1(b), Income Tax Regs.; <u>see also</u> <u>Kitch v. Commissioner</u>, 104 T.C. 1, 10 (1995), <u>aff'd</u>, 103 F.3d 104 (10th Cir. 1996).

A distribution to the beneficiary of a decedent's IRA is includible in the gross income of the beneficiary. Secs. 408(d)(1), 691(a)(1); <u>Estate of Kahn v. Commissioner</u>, 125 T.C. 227, 232 (2005). When such a distribution is made in a lump sum to the beneficiary, the portion equal to the value of the IRA on the date of the decedent's death, less any nondeductible contribution, is IRD and is includible in the gross income of the beneficiary in the year the distribution is received. <u>Estate of Kahn v. Commissioner</u>, 125 T.C. at 232. The recipient of IRD is allowed an income tax deduction equal to the amount of Federal estate tax

[*5] attributable to the IRD.  Sec. 691(c); <u>Estate of Kahn v. Commissioner</u>, 125 T.C. at 232.

In 2014 petitioner received distributions from an annuity and two IRAs. She contends that she is entitled to a miscellaneous deduction for estate tax attributable to her father-in-law, A. Schermer.  Petitioner was the beneficiary of her husband's accounts with UBS and First Clearing.  Her husband's Federal estate tax return did not include income for these accounts.  Petitioner provided no evidence that these accounts were part of her husband's estate and that estate tax was paid for these accounts.  No estate tax was paid for her husband.

Petitioner contends that her deduction was for Federal estate tax paid on IRD attributable to A. Schermer, which transferred to her upon the death of her husband.  The Federal estate tax return for A. Schermer did not include the three distributions petitioner received.

Petitioner has not met her burden of showing that she is entitled to a deduction for Federal estate tax attributable to IRD.  Therefore, we sustain respondent's determination.

<u>Decision will be entered under</u>

<u>Rule 155</u>.